Samuel R. Randall (No. 024517)
**RANDALL LAW PLLC**
4742 N 24th Street, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 328-0262
Fax: (602) 926-1479
*srandall@randallslaw.com*

Michael A. Josephson (*pro hac vice* forthcoming)
Andrew W. Dunlap (*pro hac vice* forthcoming)
Richard M. Schreiber (*pro hac vice* forthcoming)
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, TX 77046
Telephone: (713) 352-1100
Fax: (713) 352-3300
*rschreiber@mybackwages.com*

Richard ("Rex") J. Burch (*pro hac vice* forthcoming)
**Bruckner Burch PLLC**
8 Greenway Plaza, Ste. 1500
Houston, TX 77046
Telephone: (713) 877-8788
Fax: (713) 877-8065
*rburch@brucknerburch.com*

***Attorneys In Charge for Plaintiff***

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Enrico Enriquez, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>G.D. Barri & Associates, Inc., an Arizona Corporation; and Alexandria Dorsey,<br><br>Defendants. | No.<br><br>**COLLECTIVE ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**Failure to Pay Overtime Compensation (Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)**<br><br>**(Jury Trial Demanded)** |

**SUMMARY**

1.      G.D. Barri & Associates, Inc. (GD Barri) and its owner, Alexandria Dorsey (Dorsey), (collectively, "Defendants") failed to pay Enrico Enriquez (Enriquez) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2.      Instead, Defendants paid Enriquez and other workers like him the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or "straight time for overtime").

3.      GD Barri has been sued for this pay practice in the past.

4.      GD Barri and Dorsey are joint employers under the FLSA since Dorsey is acting directly in the interest of GD Barri in relation to Enriquez and the Putative Class Members. *See* 29 U.S.C. § 203(d).

5.      Defendants claimed to have paid Enriquez and other workers like him a salary, however, this District has already found that improper deductions were made from any "salary," and its compensation structure violated the FLSA. *Gardner v. G.D. Barri & Assocs. Inc.*, No. CV-20-01518-PHX-ROS, 2022 WL 3042857, at *1 (D. Ariz. Aug. 2, 2022).

6.      Regardless, Defendants cannot meet the requirements for any relevant exemption because GD Barri did not pay Enriquez and the Putative Class Members (defined below) on a salary basis.

7.      Instead, Defendants created a ruse to give the appearance of compliance by claiming to guarantee Plaintiffs and the Putative Class Members a token salary (say, $500 a week) while paying them a substantial hourly rate (say, $60/hr) for every approved hour worked up to 40 in a workweek.

8.      The FLSA's salary basis test does not permit this type of compensation practice. *Helix Energy Sols. Grp., Inc. v. Hewitt*, 143 S. Ct. 677, 691 (2023).

9.      Defendants' purported salary guarantee was not reasonably related to what Enriquez and the Putative Class members actually earned based on the hours they worked. 29 C.F.R. § 541.604(b).

10.     Because the salary basis test is a prerequisite to any potentially applicable exemption (administrative, executive, professional, or highly compensated) to the FLSA's overtime requirements, Plaintiffs and Putative Class Members are non-exempt employees who are entitled to overtime for every hour above 40 worked in a week.

11.     Enriquez brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

### JURISDICTION AND VENUE

12.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

14.     GD Barri is an Arizona Corporation headquartered in Maricopa County, Arizona, in this District and Division.

15.     Alexandria Dorsey is a resident of Arizona who resides in this District and Division.

16.     Enriquez performs work for Defendants in this District and Division.

### THE PARTIES

17.     During the relevant period, Enriquez was an hourly employee of Defendants.

18.     During the relevant time period, Enriquez was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

19.     His written consent is attached herein as Exhibit A.

20.     Enriquez brings this action on behalf of himself and other similarly situated workers who were paid by GD Barri's "straight time for overtime" system.

21.     The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

**All employees of GD Barri & Associates during the past 3 years who were paid straight time for overtime (the "Putative Class Members").**

22.     GD Barri and Dorsey may be served with process by serving its statutory agent, Jeffrey Wenger, 6860 W. Peoria Ave., Peoria, Arizona 85345 or wherever he may be found.

23.     Alexandria Dorsey may be served at 5409 W Sheena Dr, Glendale, AZ 85306 or wherever she may be found.

COVERAGE UNDER THE FLSA

24.     At all times hereinafter mentioned, Defendants were joint employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25.     At all times hereinafter mentioned, GD Barri and its owner, Dorsey, were and are an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26.     At all times hereinafter mentioned, GD Barri and its owner, Dorsey, were and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise have and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

27.     GD Barri and its owner, Dorsey, have and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

28.     At all times hereinafter mentioned, Enriquez and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

THE FACTS

29.     GD Barri provides contract labor solutions to the power and utilities' industries.

30.     Dorsey is the owner of GD Barri and controls all pay practices of GD Barri related to Enriquez and the Putative Class Members.

31.     GD Barri and Dorsey share control of Enriquez and the Putative Class Members.

32.     GD Barri and Dorsey could hire and fire Enriquez and the Putative Class Members.

33.     GD Barri and Dorsey have authority to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits and hours of Enriquez and the Putative Class Members.

34.     GD Barri and Dorsey share control of employee records, including payroll, insurance, taxes and the like for Enriquez and the Putative Class Members.

35.     In order to provide services to its clients, Defendants hire employees they pay on an hourly basis.

36.     Enriquez works for Defendants as a Construction Manager.

37.     Enriquez plans power plant enhancements of the cooling tower project, works on carbon fiber repairs, fire protection, orders materials, and document progress, completion, and obstacles.

38.     Enriquez was paid $65 an hour for every approved hour worked.

39.     Enriquez has been employed by Defendants since 2014.

40.     Enriquez was an hourly employee of Defendants.

41.     Enriquez was not paid a guaranteed salary.

42.     Upon information and belief, GD Barri changed its pay practices.

43.     Enriquez was paid a nominal weekly "salary."

44.     Enriquez is staffed by Defendants to a power plant operated by the Arizona Public Service Company.

45.     Enriquez reports the hours he worked to Defendants on a regular basis.

46.     If Enriquez worked under 40 hours, he was only paid for the hours he worked.

47.     But Enriquez would regularly work more than 40 hours in a week.

48.     In fact, Enriquez routinely worked 60 to 84 hours a week during outages.

49.     The hours Enriquez worked are reflected in Defendants' payroll records.

50.     Defendants paid Enriquez the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

51.     Defendants did not and do not pay Enriquez overtime for all hours worked in excess of 40 hours in a single workweek.

52.     Rather than receiving time and half as required by the FLSA, Enriquez only receives "straight time" pay for overtime hours worked.

53.     This "straight time for overtime" payment scheme violates the FLSA.

54.     This District has determined that Defendants' compensation plan violates the FLSA.

55.     The amount Enriquez actually earned was not reasonably related to his purported salary.

56.     This compensation plan violates the FLSA under U.S. Supreme Court precedent. *See Helix Energy Sols. Grp., Inc.*, 143 S. Ct. at 691.

57.     Defendants were aware of the overtime requirements of the FLSA.

58.     Defendants nonetheless fail to pay certain hourly employees, such as Enriquez, overtime.

59.     Enriquez and the Putative Class Members perform job duties in furtherance of the power industry business sector and are subjected to similar compensation practices.

60.     Enriquez and the Putative Class Members also work similar hours and were denied overtime because of the same illegal pay practice.

61.     Enriquez and the Putative Class Members regularly work and worked in excess of 40 hours each week.

62.     Defendants did not pay Enriquez and the Putative Class Members on a salary basis.

63.     Defendants did not guarantee Enriquez and the Putative Class Members a guaranteed salary.

64.     Defendants paid Enriquez and the Putative Class Members "straight time for overtime."

65.   Defendants failed to pay Enriquez and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

66.   The amount earned by Enriquez and the Putative Class Members was not reasonably related to any purported salary.

67.   Defendants knew, or acted with reckless disregard for whether, Enriquez and the Putative Class Members were paid in accordance with the FLSA.

68.   Defendants' failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### FLSA VIOLATIONS

69.   By failing to pay Enriquez and the Putative Class Members overtime at one-and-one-half times their regular rates, Defendants violated the FLSA's overtime provisions.

70.   Defendants owe Enriquez and Putative Class Members the difference between the rate actually paid and the proper overtime rate.

71.   Because Defendants knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Defendants owe these wages for at least the past three years.

72.   Defendants are liable to Enriquez and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

73.   Enriquez and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### COLLECTIVE ACTION ALLEGATIONS

74.   The illegal pay practices Defendants imposed on Enriquez were imposed on the Putative Class Members.

75.   Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

76.   Numerous other individuals who were staffed by Defendants (like Enriquez) were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal and state wage laws.

77. Based on his experiences and tenure with Defendants, Enriquez is aware that Defendants' illegal practices were imposed on the Putative Class Members.

78. The Putative Class Members were not paid time and a half overtime when they worked more than 40 hours per week.

79. Defendants' failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

80. Enriquez's experiences are therefore typical of the experiences of the Putative Class Members.

81. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

82. Enriquez has no interests contrary to, or in conflict with, the Putative Class Members.

83. Like each Putative Class Member, Enriquez has an interest in obtaining the unpaid overtime wages owed under federal and state law.

84. The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Defendants.

85. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

86. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the FLSA.

87. Furthermore, even if some Putative Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

88. If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to Defendants, and to the Court.

89.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

90.     The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a.      Whether Enriquez and the Putative Class Members were employed by Defendants;

b.      Whether Enriquez and the Putative Class Members' FLSA rights were violated as a result of Defendants' straight time for overtime policy;

c.      Whether Defendants required Enriquez and the Putative Class Members to work more than 40 hours during individual work weeks;

d.      Whether Defendants' decision to pay Enriquez and the Putative Class Members straight time for overtime was made in good faith;

e.      Whether Defendants paid Enriquez and the Putative Class Members on a salary basis;

f.      Whether Defendants failed to pay Enriquez and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

g.      Whether Defendants' violation of the FLSA was in good faith or willful; and

h.      Whether Defendants' illegal pay practices were applied uniformly to Enriquez and all the Putative Class Members.

91.     Enriquez and the Putative Class Members sustained damages arising out of Defendants' illegal and uniform employment policy.

92.     Enriquez knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class and collective action.

93.     Enriquez will fairly and adequately represent and protect the interests of the Putative Class Members.

94.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### JURY DEMAND

95.     Enriquez demands a Jury trial.

### PRAYER FOR RELIEF

96.     WHEREFORE Enriquez prays for judgment against Defendants as follows:

a.  An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.  For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Enriquez and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c.  For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

d.  For an Order granting such other and further relief as may be necessary and appropriate.

DATED this 11th day of April 2023.

RANDALL LAW PLLC, JOSEPHSON DUNLAP, LLP, & BRUCKNER BURCH, PLLC

By:  _/s/ Samuel R. Randall_
     Samuel R. Randall
     Michael A. Josephson
     Richard M. Schreiber
     Richard J. (Rex) Burch
     *Attorneys for Plaintiff*