**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Enrico Enriquez,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>G.D. Barri & Associates Incorporated, et al.,<br><br>　　　　　Defendants. | No. CV-23-00611-PHX-MTL<br><br>**ORDER** |

　　　　The Court has considered Defendants G.D. Barri & Associates and Alexandria Dorsey's Motion to Dismiss. (Doc. 20.) Defendants request oral argument. But the Court finds that the issues presented are appropriate for determination on the briefs. The Motion will be granted with leave to amend, as follows.

　　　　1.　　The Complaint asserts that, in a previously filed case, this Court had determined G.D. Barri & Associates violated the Fair Labor Standards Act ("FLSA") in failing to pay overtime wages to improperly classified hourly workers. (Doc. 1 ¶ 5.) Defendants correctly observe that the referenced case, *Gardner v. G.D. Barri & Associates, Inc.*, No. CV-20-01518-PHX-ROS, was not litigated to a final judgment. It was, instead, voluntarily dismissed upon the stipulation of the parties in favor of pursuing binding arbitration. (No. CV-20-01518-PHX-ROS, Docs. 105, 106.) For this reason, Defendants argue that *Gardner* carries no preclusive effect. Plaintiff's response brief does not squarely address this point, opting instead to argue that whether "*Gardner* has a preclusive effect in this case is of no moment in determining whether Enriquez's claim should be dismissed." (Doc. 23 at 5.) Plaintiff concedes the merits of Defendants' argument. The Court will grant

the Motion because the Complaint impermissibly relies on *Gardner* to show that this Court determined before that G.D. Barri violated the FLSA.

2. Defendants challenge the Complaint for failure to state an FLSA claim. Rule 8(a)(2), Fed. R. Civ. P., requires that a complaint plead sufficient factual allegations to provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007) (internal quotation and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

In *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014), *as amended* (Jan. 26, 2015), the Ninth Circuit held that, "in order to survive a motion to dismiss, a plaintiff asserting a claim for overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Id*. at 644–45 (internal citations omitted). The court further concluded that a "plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period, and the average rate at which she was paid, the amount of overtime wages she believes she is owed, and any other facts that will permit the court to find plausibility." *Id.* at 645.

The Court finds that Plaintiff's allegations related to his compensation and the alleged FLSA violations rise to the level of speculation. The Complaint asserts that Plaintiff was an hourly employee, that he was paid the same amount of money per work week of 40 hours or more; if he worked less than 40 hours during a work week, he was paid $65 per hour worked; and that he "routinely worked 60 to 84 hours per week during outages." (*Eg.* Doc. 1 ¶¶ 7, 17, 38, 43, 46-48.) These allegations fall short of the standards set in *Landers* for pleading a plausible FLSA violation. The Complaint will be dismissed, and Plaintiff will have leave to amend it.

3. The Motion includes an undeveloped argument relating to the lack of Complaint allegations that Plaintiff "was *not* paid a salary of at least $684/week or that improper deductions were made." (Doc. 20 at 10 (emphasis in original).) Plaintiff responds

that he need not plead facts in anticipation of an affirmative defense. (Doc. 23 at 10.) In their reply, Defendants seemingly abandon this argument, at least to the extent that it relies on the Supreme Court's decision in *Helix Energy Solutions Group, Inc. v. Hewitt*, 598 U.S. 39, 143 S. Ct. 677 (2023). As a general matter, the Court agrees with Plaintiff that his Complaint need not anticipate affirmative defenses. "This is particularly true for the FLSA, a remedial law for which the exemptions 'are to be narrowly construed against the employers seeking to assert them.'" *Thompson v. Eldorado Coffee Roasters Ltd.*, 246 F. Supp. 3d 697, 703 (E.D.N.Y. 2017) (quoting *Davis v. J.P. Morgan Chase & Co.*, 587 F.3d 529, 531 (2d Cir. 2009)). As far as the Motion argues that Plaintiff failed to plead that he is not subject to an affirmative defense under the FLSA, it is denied.

**IT IS ORDERED:**

1. The Motion to Dismiss (Doc. 20) is **granted** for the reasons stated in this Order. The Complaint (Doc. 1) is dismissed, without prejudice to filing an amended complaint, for failure to state a claim for which relief can be granted.

2. Plaintiff may file an amended complaint no later than **Tuesday, September 26, 2023**. Should Plaintiff choose not to file an amended complaint, the Clerk of Court shall dismiss this action with prejudice without further order this Court and shall enter judgment accordingly.

3. The Motion for Conditional Certification and Notice (Doc. 9) is **denied as moot**, without prejudice as to refiling with an amended complaint.

Dated this 5th day of September, 2023.

Michael T. Liburdi
United States District Judge